```
MICHAEL LITTMAN
CA State Bar #120625
105 West "F" Street, 4th Flr.
San Diego, CA 92101
(619) 236-1030

Attorney for Defendant
DIEGO COLIO-JIMENEZ
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Dana M. Sabraw)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-0300-01-DMS |
| Plaintiff, | ) | |
| v. | ) | **STATEMENT OF FACTS AND** |
| DIEGO COLIO-JIMENEZ, et al. | ) | **MEMORANDUM OF POINTS** |
| | ) | **AND AUTHORITIES IN SUPPORT** |
| Defendants. | ) | **OF DEFENDANT'S MOTIONS** |

## I.

### Statement of Facts

The defendant, Diego Colio-Jimenez and one co-defendant are charged in a eight count indictment with bringing in illegal aliens for financial gain, transportation of illegal aliens, and aiding and abetting. These charges are based upon the arrest of the defendants on or about January 22, 2008 after the vehicle being driven by Mr. Colio-Jimenez crashed while fleeing from border patrol agents. According to the "Probable Cause Statement" attached to the initial Complaint, one of the four suspected smuggled aliens was in "critical but stable condition" after the crash.

To date, the defense has received no discovery in this case. However, the undersigned has spoken to AUSA Christopher Alexander who has been assigned to represent the government in this matter. AUSA Alexander has informed counsel for Mr. Colio-Jimenez that discovery is being prepared for the defense and should be available soon.

II.

**Motion to Compel Discovery/Preserve Evidence**

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) <u>The Defendants Statements</u>. It is the undersigned's belief that the government has obtained statements from Mr. Diego-Jimenez after his arrest while he was in the hospital. The defense requests disclosure of <u>all</u> copies of any written or recorded statement made by him; any written record containing the substance of any oral statements made by the him and any written summaries of his oral statements contained in the handwritten or rough notes of the government agent; any response to any *Miranda* warnings which may have been given by him; any response by him to any interrogation; as well as any other statements attributed to him, either solicited or unsolicited by direct questioning. Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Diego-Jimenez also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I). In this case, Mr. Diego-Jimenez specifically requests that the government secure, preserve, maintain and disgorge to the defense all recordings of any citizen calls to law enforcement related to the initiation of the investigation as well as the dispatch recordings of law enforcement officers responding to the scene on January 22, 2008.

(3) <u>Criminal Record</u>. Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Mr. Diego-Jimenez requests all his rap sheets and any other evidence discoverable under

these rules.  Mr. Diego-Jimenez requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government.  He makes an identical request for all pertinent records of all uncharged co-defendants, if any, and former co-defendants and government witnesses including informants.

      (4) <u>Evidence Seized</u>.  Mr. Diego-Jimenez requests production of evidence seized as a result of any search, either with or without a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

      (5) <u>Tangible Objects</u>.  Mr. Diego-Jimenez requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).

      (6) <u>Request for Preservation of Evidence</u>.  Mr. Diego-Jimenez specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to seized weapons, alleged contraband (*see* § II(5), *supra*) and vehicles, the results of any fingerprint analysis, Mr. Diego-Jimenez's personal effects, and any evidence seized from the defendant or any other party.

      (7) <u>Reports Of Examinations And Tests</u>.  Mr. Diego-Jimenez requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief.  Fed. R. Crim. P. 16(a)(1)(D).

      (8) <u>Expert Witnesses</u>.  Mr. Diego-Jimenez requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness.  Fed. R. Crim. P. 16(a)(1)(E).

      (9) <u>Brady Material</u>.  Mr. Diego-Jimenez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the

government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(10) Giglio Information. Mr. Diego-Jimenez requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

(11) Informants and Cooperating Witnesses. Mr. Diego-Jimenez requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id. Mr. Diego-Jimenez also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Diego-Jimenez's defense.

(12) Jencks Act Material. Mr. Diego-Jimenez requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) Any Potential 404(b)/609 Evidence. Mr. Diego-Jimenez requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment

or rebuttal. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b). Mr. Diego-Jimenez requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial.

(14) <u>Any Information That May Result In A Lower Sentence Under The Guidelines</u>  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(15) <u>Evidence of Bias or Motive to Lie</u>  Mr. Diego-Jimenez requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

(16) <u>Impeachment evidence</u>  Mr. Diego-Jimenez requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, supra. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17) <u>Evidence of Criminal Investigation of Any Government Witness</u>  Mr. Diego-Jimenez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  Mr. Diego-Jimenez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>,

637 F.2d 213, 224 (4th Cir. 1980);

(19) <u>Witness Addresses</u>  Mr. Diego-Jimenez requests the name and last known address of each prospective government witness.  See <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d, 1453 (9th Cir. 1984);

(20) <u>Name of Witnesses Favorable to the Defendant</u>  Mr. Diego-Jimenez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980);

(21) <u>Statements Relevant to the Defense</u>  Mr. Diego-Jimenez requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>  Mr. Diego-Jimenez requests all citizen complaints and other related internal affairs documents involving any of the Federal Agents or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of such <u>Henthorn</u> documents, defense counsel will not be able to procure then from any other source;

(23) <u>Prosecutor's Duty to Inspect Agent's Files</u>  Mr. Diego-Jimenez requests that the court order the prosecutor to <u>personally</u> review the personnel files of the agents involved.

(24) <u>Release of Evidence for Defense Testing</u>.  Mr. Diego-Jimenez requests that the government release to his designated expert all items seized so that the defense may conduct independent testing of the items.

(25) <u>Subpoena, Intercept and Warrant Information and Evidence</u>. Mr. Diego-Jimenez requests a copy of all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case. He also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders. He requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) <u>Residual Discovery/All Other Relevant Materials</u> Mr. Diego-Jimenez intends for this motion to cover the full extent of discoverable material. He therefore requests that the government be required to disgorge all other discoverable material which she otherwise has failed to request.

### III.

### Mr. Diego-Jimenez Seeks Leave to File Further Motions

As stated above, the defense has not yet received any discovery in this matter. It is anticipated that forthcoming discovery will include evidence derived from witness statements, defendant's statements, searches, medical records, government agents' reports, etc. Absent this evidence the defense is unable to adequately address what substantive motions may need to be filed. Therefore, Mr. Diego-Jimenez would seek an opportunity to file additional motions based on information to be provide to the defense.

He therefore requests additional time to file supplemental substantive motions at a future hearing.

### IV.

### Conclusion

For the reasons stated above, the defendant, Mr. Colio-Jimenez, respectfully requests that this Court grant the above-requested motions.

Respectfully submitted,

DATES: February 14, 2008            s/Michael Littman
                                    Attorney for DIEGO COLIO-JIMENEZ

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On February 14, 2008, I personally served the following documents:

**Notice of Motion and Motion for Discovery and For Leave to File Further Motions, and Memorandum of Points and Authorities in Support of The Motions**

on the below attorneys by electronic filing:

Assistant United States Christopher Alexander

John Ellis, Federal Defender's of San Diego

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 14, 2008 at San Diego, CA.


s/ Michael Littman